Peoples Savings Bank ⎫
        vs.      ⎬ Eq. No. 12630.
Sarah R. Rynn et al. ⎭

December 8, 1934.

WALSH, J. The question raised on this Bill of Interpleader is whether a bank deposit belongs to (1) Aloysius R. Rynn, son of Patrick J. Rynn or (2) to Sarah Rita Rynn, wife of said

Aloysius R. Rynn, in her private capacity or (3) to Sarah Rita Rynn in her capacity as executrix of the last will and testament of Patrick J. Rynn.

Patrick J. Rynn opened an account No. 69304, in the Peoples Savings Bank on December 5, 1918. On February 14, 1922 he changed this account to read "payable to Patrick J. Rynn or Aloysius R. Rynn to either or to the survivor." The account continued in that form until May 5, 1931 when it was closed. On May 5, 1931, Patrick J. Rynn opened a new account, No. 138,498, in the Peoples Savings Bank with the proceeds received from account No. 69304, in the names of Patrick J. Rynn or Sarah R. Rynn, payable to either or to the survivor. Aloysius R. Rynn is the son of Patrick J. Rynn and Sarah R. Rynn is the wife of Aloysius R. Rynn, now estranged from him but who was living with her husband on May 5, 1931. The amount in the account of Book No. 69,304, withdrawn by Patrick J. Rynn on that date and deposited in the new account No. 138,498, was $3,303.88. On January 1, 1934 the balance of account No. 138,498 turned over to the Clerk of this Court by the Peoples Savings Bank was $5,248.54. Patrick J. Rynn died November 9, 1933, his wife died March 20, 1931, and there were three children, now all adults, Joseph P. Rynn, Mary F. Rynn and Aloysius R. Rynn. It is quite apparent from the testimony of the sons and daughter that there was considerable friction between them and their father which arose shortly after their mother's death (March 20, 1931). Patrick J. Rynn made a new will on May 5, 1931, cutting off Aloysius R. Rynn, his youngest son, with the sum of five dollars and leaving the residue of his personal estate to Sarah R. Rynn, wife of Aloysius R. Rynn. This is the same day that he closed account No. 69,304 and opened the new account No. 138,-498 in the names of Patrick J. Rynn and Sarah R. Rynn, payable to either or to the survivor.

Our first problem, as we see it, is to determine the effect of the change of the name in account No. 69,304 on February 14, 1922 to Patrick J. Rynn or Aloysius R. Rynn, payable to either or to the survivor. The testimony of Aloysius R. Rynn and of his brother and sister is to the effect that this transfer was made by the father in the presence of the son at the bank; that after the change had been made the father delivered the pass book to Aloysius R. Rynn with these words: "This is what I have done for you today and I'll do more for you;" that Aloysius R. Rynn returned the pass book to the father with the request that the father hold it as he (the father) might desire to make further deposits in the account; that on the evening of February 14, 1922 at the family home, Aloysius R. Rynn mentioned the gift of the pass book to his mother, brother and sister in the presence of his father; that the father on that evening took Aloysius R. Rynn into a bedroom and opened a bureau drawer or wardrobe and said to Aloysius R. Rynn: "There's where I'll keep the bankbook;" that Aloysius R. Rynn drove his father down to the bank many times to make deposits in this account and made many deposits in it of his father's money at his father's request; that his father kept Aloysius R. Rynn informed of the balances of the account and of his deposits therein; that Aloysius R. Rynn did not know of any change in the account until after his father's death.

The respondent Sarah R. Rynn seeks to discredit this testimony by showing that the signature of Aloysius R. Rynn was never placed on the account card at the bank; that the name Aloysius R. Rynn appears in pencil on this card in the handwriting of Mr. Raymond H. Blake, the Assistant Treasurer and Assistant Secretary

of the bank; that the father, Patrick J. Rynn, on May 7, 1928 borrowed $5.350 from the bank with this account as security, and on May 9, 1928 a further sum of $240 under the same conditions and gave his individual notes for the same, upon which notes the name of Aloysius R. Rynn does not appear; that this money was used by Patrick J. Rynn for the purchase of real estate, the title to which he took in the name of Patrick J. Rynn: that on August 15, 1928, Patrick J. Rynn withdrew $2,000 from this account and lent it to his son, Joseph F. Rynn; that on March 2, 1929, Patrick J. Rynn withdrew $2,000 from this account and lent it to Aloysius R. Rynn, for which sum he required Aloysius R. Rynn to give him a promissory note; that of all of these transactions except his. own loan, Aloysius R. Rynn was kept in ignorance by his father.

The law is well settled that a joint ownership of a deposit is created when it appears to have been the intention of the original owner to divest himself of the exclusive ownership and control of the money and vest such ownership and control jointly in himself and another with the attendant right of survivorship. The intention to make a present gift of a joint interest in such a deposit may appear in the statements of the depositor or it may be shown by his acts and the attendant circumstances. In this case we have the explicit declarations of Patrick J. Rynn, which are uncontradicted; the fact that the deposit was made in the joint names is consistent with an intention to make a gift of an interest in the money so deposited: the fact that the deposit continued as a joint account for over nine years; the fact that the pass book was available to either of the parties up to the spring of 1928; that Aloysius R. Rynn was fully cognizant of the transfer to him by his father at the time it was

made and of the deposits made subsequently in the accounts; the fact that the power to withdraw funds was in both donor and donee at all times; all tending to show that a joint ownership of the funds on deposit was created on February 14, 1922 by Patrick J. Rynn. In our opinion, the declaration of Patrick J. Rynn and the circumstances surrounding the whole transaction are sufficient to establish such an intention.

We now come to the creation of the joint account on May 5, 1931 in the names of Patrick J. Rynn or Sarah R. Rynn, payable to either or to the survivor. The evidence on this question is confined to the testimony of Sarah R. Rynn, who says in substance that she signed her name on a signature card at the request of Patrick J. Rynn. There is no question but that the money used by Patrick J. Rynn to establish this account was the money taken from the account standing prior to May 5, 1931, in the names of Patrick J. Rynn or Aloysius R. Rynn and payable to either or to the survivor of them. It is also quite clear that Sarah R. Rynn did not deposit any of her own funds in this account from May 5, 1931 to November 9, 1933, the date of the death of Patrick J. Rynn. The bare fact that Patrick J. Rynn asked and received the signature of Sarah R. Rynn to a card. without further evidence of declarations of the donor or surrounding circumstances tending to show an intention to create a joint ownership of the fund, is not sufficient to warrant us in finding a joint ownership was created. We, therefore, find that the fund in account No. 138,498 was not affected by the act of Sarah R. Rynn in signing this signature card; that said fund was the money formerly represented by account No. 69,304, in which Aloysius R. Rynn had a joint interest with his father up to the time of the decease of the latter, at which

time said Aloysius R. Rynn became entitled to the balance then remaining in the hands of the bank.

A decree may be entered declaring that the balance now remaining in the hands of the Clerk of this Court is the property of and may be turned over to Aloysius R. Rynn; that respondent, Sarah J. Rynn, in her private capacity has no right, title or interest in said fund; that the Estate of Patrick J. Rynn, Sarah R. Rynn, Executrix, has no right, title or interest in said fund.

For complainants: Edwards & Angell.

For respondent, Sarah R. Rynn: John M. Gillrain, John M. Clifford.

For respondent, Aloysius R. Rynn: Comstock & Canning, Andrew J. Quinn, George Johnson.